## ASHLEY HAYDEN *vs.* WILLIAM BRADLEY.

A lessee may maintain an action on a covenant of his lessor to repair, without previous notice to him of want of repair; especially if the lease contains a covenant that the lessor may enter " to view and make improvements."

ACTION OF CONTRACT to recover damages for the defendant's failure to keep in repair the buildings included in a lease from the defendant to the plaintiff of a hotel and farm in Southwick, by which the defendant covenanted to " put the buildings and fences on, around and about the premises in a good condition, and so to maintain them for and during the term of" the lease, and the plaintiff covenanted " that the lessor may enter to view and make improvements, and to expel the lessee, if he shall fail to pay the rent, or make or suffer any strip or waste thereof."

At the trial in the court of common pleas, the defendant, who resided in Springfield, contended that he was not liable, under his covenant, for damages arising from want of repair, after the plaintiff had entered into the occupation of the premises under the lease, and before notice to the defendant of such want of repair. But *Mellen,* C. J. instructed the jury, that " for defects in the buildings, occurring after the commencement of the lease, the plaintiff was entitled to recover damages for such want of repair from the time such defects occurred; it being the duty of the defendant, under this lease, to take notice of such defects or want of repair, and prevent damage to the plaintiff, by repairing the same, without notice from the plaintiff." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. Vose,* for the defendant. The defendant's covenant to maintain the buildings in repair during the term was to perform an act on the happening of an event more peculiarly and properly within the knowledge of the plaintiff than his own; and he was entitled to notice of the happening of that event before he was liable to any claim for damages resulting from it. Chit. Con. (8th Amer. ed.) 627. 1 Chit. Pl. (6th Amer. ed.) 360

36*

2 Greenl. Ev. § 238.    *Vyse* v. *Wakefield*, 6 M. & W. 452.    *Lent*
v. *Padelford*, 10 Mass. 238.    *Hatch* v. *White*, 22 Pick. 518.
*Barnes* v. *Parker*, 8 Met. 48.    *Boody* v. *Rutland & Burlington
Railroad*, 24 Verm. 660.

*W. G. Bates*, for the plaintiff.

METCALF, J.    The established rule of law, which the court
are now to apply, is rightly stated by Lord Abinger, in *Vyse* v.
*Wakefield*, 6 M. & W. 452, 453.    It is this : " Where a party
stipulates to do a certain thing in a certain specific event which
may become known to him, or with which he can make himself
acquainted, he is not entitled to any notice, unless he stipulates
for it; but when it is to do a thing which lies within the pecu-
liar knowledge of the opposite party, then notice ought to be
given him."    The case at bar comes within the first branch of
this rule.    The defendant stipulated to maintain the buildings
in good condition during the term for which he demised them to
the plaintiff, on the happening of a specific event, to wit, that
they should not be in good condition, but should need repairs.
He might have known, or made himself acquainted with the
fact, that they needed repairs.    And he did not stipulate for
notice.    See *Smith* v. *Goffe*, 2 Ld. Raym. 1126, and 11 Mod. 48;
1 Saund. Pl. & Ev. (2d ed.) 214 ; System of Pleading, 126, 127 ;
Lawes Pl. in Assump. (Amer. ed.) 176 *& seq.*

But if the defendant's agreement to maintain the buildings in
good condition were not, of itself, sufficient to decide the ques-
tion raised in this case, yet there is another clause in the lease
which is decisive, namely, the reservation, by the defendant, of
a right of entry upon the premises, " to view and make improve-
ments."    He, therefore, having provided for himself the means
of ascertaining the contingency upon which he was to make
repairs, was not entitled to notice from the plaintiff that the
contingency had happened.    *Keys* v. *Powell*, 2 A. K. Marsh. 254.

*Exceptions overruled.*